IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| ANDREW JOSEPH SHEA, | : | 18 U.S.C. § 1752(a)(1) - Knowingly |
| | : | Entering or Remaining in any Restricted |
| Defendant. | : | Building or Grounds Without Lawful |
| | : | Authority; |
| | : | |
| | : | 18 U.S.C. § 1752(a)(2) – Disorderly and |
| | : | Disruptive Conduct in any Restricted |
| | : | Building or Grounds Without Lawful |
| | : | Authority; |
| | : | |
| | : | 40 U.S.C. § 5104(e)(2)(D) – Disorderly |
| | : | Conduct in the Capitol Grounds or |
| | : | Buildings; |
| | : | |
| | : | 40 U.S.C. § 5104(e)(2)(G) - Parading, |
| | : | Demonstrating or Picketing in the Capitol |
| | : | Grounds of Buildings |

**MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrant in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

In support thereof, the government states as follows:

1. The United States is investigating allegations that Andrew Joseph Shea willfully and knowingly entered the United States Capitol on January 6, 2021, without legal authority, and

1

participated in disorderly and disruptive conduct in violation of 18 U.S.C. § 1752(a)(1), 18 U.S.C. § 1752(a)(2), 40 U.S.C. § 5104(e)(2)(D), and 40 U.S.C. § 5104(e)(2)(G).

2.　　The Affidavit in Support of Criminal Complaint references evidence gathered in the course of the investigation. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant, and could needlessly expose the statements of the identifying officer before the defendant has been apprehended. Premature disclosure of the charging documents may risk hampering those efforts or lead to the destruction of evidence. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

3.　　As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

4.　　In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

5.　　Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in

Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

    **WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

    Respectfully submitted,

    MATTHEW M. GRAVES
    UNITED STATES ATTORNEY
    D.C. Bar No. 481052

By:    */s/ Joseph S. Smith, Jr.*
    Joseph S. Smith, Jr. (CA Bar #200108)
    Assistant United States Attorney
    601 D Street, N.W.
    Washington, D.C.
    Phone: (619) 546-8299
    Email: joseph.s.smith@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CASE NO. |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| **ANDREW JOSEPH SHEA,** | : | 18 U.S.C. § 1752(a)(1) - Knowingly |
| | : | Entering or Remaining in any Restricted |
| Defendant. | : | Building or Grounds Without Lawful |
| | : | Authority; |
| | : | |
| | : | 18 U.S.C. § 1752(a)(2) – Disorderly and |
| | : | Disruptive Conduct in any Restricted |
| | : | Building or Grounds Without Lawful |
| | : | Authority; |
| | : | |
| | : | 40 U.S.C. § 5104(e)(2)(D) – Disorderly |
| | : | Conduct in the Capitol Grounds or |
| | : | Buildings; |
| | : | |
| | : | 40 U.S.C. § 5104(e)(2)(G) - Parading, |
| | : | Demonstrating or Picketing in the Capitol |
| | : | Grounds of Buildings |

## ORDER

This matter having come before the Court pursuant to the application of the United States to seal criminal complaint, the Court finds that, because of such reasonable grounds to believe the disclosure will result in flight from prosecution, destruction of or tampering with evidence, intimidation of potential witnesses, and serious jeopardy to the investigation, the United States has established that a compelling governmental interest exists to justify the requested sealing.

4

1.      IT IS THEREFORE ORDERED that the application is hereby GRANTED, and that the affidavit in support of criminal complaint and other related materials, the instant application to seal, and this Order are sealed until the arrest warrant is executed.

2.      IT IS FURTHER ORDERED that the Clerk's office shall delay any entry on the public docket of the arrest warrant until it is executed.

Date:   October __, 2024

                                            HON. MOXILA A. UPADHYAYA
                                            UNITED STATES MAGISTRATE JUDGE